UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No.: 2:16-cv-00884-APG-NJK |
| Plaintiff | **Order (1) Granting Bank of America's Motion for Leave to File Supplemental Authority, (2) Denying TPZ's Motion for Summary Judgment, (3) Granting Bank of America's Motion for Summary Judgment, (4) Dismissing as Moot Bank of America's Damages Claims, and (5) Denying as Moot Four Winds' Motion for Summary Judgment** |
| v. | |
| FOUR WINDS OWNERS' ASSOCIATION, et al., | |
| Defendants | |
| | [ECF Nos. 56, 57, 58, 59] |

Plaintiff Bank of America, N.A. sues to determine whether a deed of trust encumbers property located at 8225 Romantic Sunset Street in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Four Winds Owners' Association (Four Winds). Bank of America seeks a declaration that the HOA foreclosure sale did not extinguish the deed of trust and it asserts alternative damages claims against Four Winds and Four Winds' foreclosure agent, defendant Nevada Association Services, Inc. (NAS). Premier One Holdings, Inc. purchased the property at the foreclosure sale and counterclaimed to quiet title. Premier later transferred the property to defendant TPZ Lu, Ltd. (TPZ), so the parties stipulated to substitute TPZ for Premier. ECF No. 55.

The parties move for summary judgment on a variety of grounds. Bank of America also moves for leave to file supplemental authority. The parties are familiar with the facts so I will not repeat them here except where necessary to resolve the motion. I grant Bank of America's unopposed motion for leave to file supplemental authority. I deny TPZ's motion for summary judgment and grant Bank of America's motion because Bank of America was excused from

making a formal tender because NAS had a known policy of rejecting tender payments for the superpriority amount. Because the HOA sale did not extinguish the deed of trust, I dismiss as moot Bank of America's alternative damages claims against Four Winds and NAS, and I deny as moot Four Winds' motion for summary judgment.

## I. ANALYSIS

The Supreme Court of Nevada recently resolved a case on materially indistinguishable facts. *7510 Perla Del Mar Ave Trust v. Bank of America, N.A. (Perla)*, 458 P.3d 348 (Nev. 2020) (en banc). In *Perla*, Bank of America, through its counsel Miles, Bauer, Bergstorm & Winters, LLP (Miles Bauer), sent a letter to the HOA's foreclosure agent, which in that case was also NAS, requesting the superpriority amount and offering to pay that amount. *Id*. at 349. NAS received the letter but did not respond to it. *Id.* Instead, NAS proceeded with the foreclosure sale. *Id.* There was evidence that at the time Miles Bauer sent the letter to NAS in March 2012, NAS had a policy of rejecting checks "for less than the full amount if it was accompanied by a condition," and Miles Bauer was aware of NAS's policy. *Id.* The Supreme Court of Nevada held that "[b]ecause NAS had a known policy of rejecting any payment for less than the full lien amount, . . . the Bank's obligation to tender the superpriority portion of the lien was excused, as it would have been rejected." *Id.* at 351. Excuse of tender, like tender itself, cures the default of the superpriority portion of the lien by operation of law. *Id.* at 350 n.1.

Here, Bank of America, through Miles Bauer, sent a letter to NAS in March 2012 requesting the superpriority amount and offering to pay that amount. ECF No. 58-6. NAS did not respond. Just like in *Perla*, NAS's Rule 30(b)(6) witness, David Stone, testified in another case that during the relevant time period, NAS would not accept checks from Miles Bauer that

had conditional language and every check NAS received had that conditional language.[1] ECF No. 58-10 at 7, 10. This is consistent with the evidence in *Perla* that showed that within this same time frame, NAS had a policy of rejecting Miles Bauer tender attempts and that Miles Bauer was aware of this policy. 458 P.3d at 349-50. "As a result, [Bank of America] was excused from making a formal tender in this instance because, pursuant to NAS's known policy, even if the Bank had tendered a check for the superpriority portion of the lien, NAS would have rejected it." *Id.* at 352. Consequently, Bank of America "preserved its interest in the property such that [TPZ] purchased the property subject to the Bank's first deed of trust." *Id.*

Because Bank of America was excused from making a formal tender, its interest in the property was preserved by operation of law and the HOA foreclosure sale is void as to its deed of trust. *Id.* at 350 n.1, 352; *see also Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (en banc) (Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion."). TPZ's "status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Bank of Am., N.A.*, 427 P.3d at 121.

TPZ contends that Bank of America was not excused from making a tender attempt because the Bank could have called Four Winds directly and Four Winds would have accepted payment. But Four Winds designated NAS as its foreclosure agent and the foreclosure notices directed interested parties to contact NAS. ECF Nos. 58-4; 58-5. TPZ cites no authority for the

---

[1] TPZ objects that Stone's deposition testimony from another case is inadmissible. However, Federal Rule of Civil Procedure 56 does not require that evidence be presented in admissible form at summary judgment. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). Bank of America could present testimony from Stone or some other NAS representative, and nothing suggests that the testimony would be any different in this case than what was presented in the other case or in *Perla*.

3

proposition that Bank of America should have ignored the directions in the foreclosure notices and instead should have contacted the HOA directly, as opposed to the HOA's specifically designated foreclosure agent. Moreover, when asked whether the HOA had a policy concerning superpriority payments, Four Winds' Rule 30(b)(6) witness testified that "payments were accepted based on the opinion of the third party that [the HOA] hired to collect them," meaning NAS. ECF No. 56 at 88.

The HOA foreclosure sale did not extinguish the deed of trust and TPZ took title to the property subject to the deed of trust. As a result, I dismiss as moot Bank of America's alternative damages claims against Four Winds and NAS, and I deny as moot Four Winds' motion for summary judgment.[2]

## II.  CONCLUSION

I THEREFORE ORDER that plaintiff Bank of America, N.A.'s motion for leave to file supplemental authority **(ECF No. 59) is GRANTED**.

I FURTHER ORDER that defendant TPZ Lu, Ltd.'s motion for summary judgment **(ECF No. 56) is DENIED**.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 58) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of America, N.A. and against defendant TPZ Lu, Ltd. as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Four Winds Owners' Association on November 30, 2012 did not extinguish the deed of trust and the property located at 8225 Romantic Sunset Street in Las Vegas, Nevada remains subject to the deed of trust.

---

[2] I decline to consider arguments Four Winds raises for the first time in its reply brief. ECF No. 66; *Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013).

I FURTHER ORDER that plaintiff Bank of America, N.A.'s alternative damages claims against defendants Four Winds Owners' Association and Nevada Association Services, Inc. are DISMISSED as moot.

I FURTHER ORDER that defendant Four Winds Owners' Association's motion for summary judgment **(ECF No. 57) is DENIED as moot**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 7th day of August, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE